UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

October 6, 2017

William James Jeffrey III
823 West Park Avenue, #284
Ocean, NJ 07712
*Counsel for Plaintiff*

David B. Warshaw
Warshaw Law Firm LLC
266 King George Road, Suite C-2
Warren, NJ 07059
*Counsel for Plaintiff*

Stephen M. Orlofsky, Esq.
Richard Louis Alec Wolf, Esq.
Blank Rome LLP
301 Carnegie Center, 3rd Floor
Princeton, NJ 08540
*Counsel for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:  J&J Sports Productions v. Harris**
   **Civil Action No. 16-5250 (SDW) (LDW)**

Counsel:

Before this Court is Defendants Terrance Harris and Arlene Harris' (collectively, the "Harris Defendants") Motion to Dismiss Counts One, Four, and Six of Plaintiff J&J Sports Productions' ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, Defendants' motion is **GRANTED in part and DENIED in part**.

## DISCUSSION

A. Standards of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"). In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Plaintiffs "alleging fraud must state the circumstances of the alleged fraud[ulent act] with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Park v. M & T Bank Corp.*, No. 09–02921, 2010 WL 1032649, at *5 (D.N.J. Mar.16, 2010) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)). Plaintiffs can satisfy this standard by alleging dates, times, places and other facts with precision. *Park*, 2010 WL 1032649, at *5.

B. Background

Plaintiff is a commercial distributor and licensor of sporting events. (First Am. Compl. ¶¶ 5, 27, ECF No. 28.) It had exclusive nationwide commercial distribution rights to the *Floyd Mayweather, Jr. v. Marcos Rene Maidana WBC Welterweight Championship Fight Program*, which was telecast nationwide on Saturday, May 3, 2014 (hereinafter the "Program"). (Am. Compl. ¶ 25.) Plaintiff entered into sublicensing agreements with various commercial entities to permit the public exhibition of the Program. (Am. Compl. ¶ 26.)

Plaintiff filed a six-count Amended Complaint on August 7, 2017, alleging that on the night the Program aired, the Defendants unlawfully intercepted, received, published, divulged, displayed, and/or exhibited the Program at their commercial establishment "Just Us Turkey's." (Am. Compl. ¶ 28.) The Harris Defendants filed the instant partial Motion to Dismiss on August 21, 2017. (ECF No. 29.)

C. Count One – 47 U.S.C. § 605

Plaintiff alleges violations of Title 47 United States Code § 553 (Count Two) and § 605 (Count One), in the alternative. (Am. Compl. ¶¶ 24-39.) The former statute prohibits the unauthorized interception or receipt of communications offered over a cable system, and the latter prohibits the unauthorized interception of radio or satellite communications. 47 U.S.C. §§ 553, 605; *see also TWC Cable Partners v. Cableworks, Inc.*, 966 F. Supp. 305, 309 (D.N.J. 1997). Defendants argue that Count One must be dismissed because they received a broadcast of the Program through their cable television provider. (Defs.' Br. Supp. Mot. Dismiss at 6, ECF No. 29.) Generally, "a court considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may consider *only* the allegations contained in the pleading to determine its sufficiency." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133-34 (3d Cir. 2016) (quoting *Santomenno ex rel. John Hancock Trust v. John Hancock Life Ins. Co. (U.S.A.)*, 768 F.3d 284, 290 (3d Cir. 2014)). The manner in which the Program was obtained is not properly before the Court at this time because the assertion is extrinsic to the Complaint. Therefore, at this juncture, Defendants' Motion to Dismiss Count One is denied without prejudice.[1]

D. Count Four – Fraud

To plead fraud under New Jersey law, a plaintiff must state sufficient facts to raise a plausible inference of: "[1] a material misrepresentation by the defendant of a presently existing fact or past fact; [2] knowledge or belief by the defendant of its falsity; [3] an intent that the plaintiff rely on the statement; [4] reasonable reliance by the plaintiff; [5] and resulting damages to the plaintiff." *Avaya Inc., RP v. Telecom Labs, Inc.*, 838 F.3d 354, 388 (3d Cir. 2016) (quoting *Liberty Mut. Ins. Co. v. Land*, 892 A.2d 1240, 1247 (N.J. Sup. Ct. 2006)). Failure to state such facts subjects the common-law fraud claims to dismissal. *See Hoffman v. DSE Healthcare Solutions, LLC*, No. 13-7582, 2014 WL 2119753, at *4 (D.N.J. May 21, 2014) (dismissing common-law fraud claims because Plaintiff failed "to identify with specificity the nature of the misrepresentations, when they were made, which representations he relied on, how he reasonably relied on them, that he purchased the product as a result of these particular representations, and how that reliance caused him any detriment.").

Plaintiffs' common-law fraud claim is insufficiently pled. Under Count Four of the Complaint, which is labeled "Common Law Fraud", Plaintiff alleges that Defendants "wrongfully converted" the Program, depriving Plaintiff of commercial license fees. (Am. Compl. ¶¶ 44-47.) Plaintiff fails to identify what, if any, misrepresentations were made, how Plaintiff reasonably relied upon those misrepresentations, and how that reliance resulted in detriment. Plaintiff has not asserted any facts to support the cause of action. Therefore, Count Four is dismissed without prejudice.

---

[1] According to the Third Circuit, a plaintiff cannot recover under both Title 47 United States Code §§ 553 and 605. *See TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196 (3d Cir. 2001) ("[Section] 605 encompasses the interception of satellite transmissions 'to the extent reception or interception occurs prior to or not in connection with, distribution of the service over a cable system,' and no more." (quoting H.R. Rep. No. 98-934, at 83 (1984)); *see also J&J Sports Prods. v. Passaic City Riders Motorcycle Club*, No. 16-5142, 2017 WL 1033773, at *1 (D.N.J. Mar. 17, 2017) ("A plaintiff cannot seek damages under both statutes."). Here, the mutual exclusivity of §§ 553 and 605 is undisputed. (Pl.'s Opp'n Br. at 3-4, ECF No. 30.) Therefore, Defendants' Motion to Dismiss Count One is denied without prejudice, with the understanding that Plaintiff may only be able to recover under either §§ 553 or 605, but not both.

E. Count Six – Unjust Enrichment

To state a claim for unjust enrichment under New Jersey law, a plaintiff must prove: (1) the "defendant received a benefit" from the plaintiff; (2) "retention of that benefit [by the defendant] without payment would be unjust"; (3) plaintiff "expected remuneration from defendant at the time it performed or conferred a benefit on defendant"; and (4) the "failure of remuneration enriched [the] defendant beyond its contractual rights." *See VRG Corp. v. GKN Realty Co.*, 135 N.J. 539, 554 (1994).

Defendants argue that Plaintiff's unjust enrichment claim relates to an underlying claim of fraud, and that it is therefore subject to the heightened pleading standard under Rule 9(b). (Defs.' Reply Br. at 4, ECF No. 31.) "New Jersey does *not* recognize unjust enrichment as an independent tort cause of action[,]" but it can be used as a justification for other torts such as fraud or conversion. *See Warmer Witter Kreisler, Inc. v. Samsung Elecs. Am., Inc.*, No. 08-5380, 2009 WL 4730187, at *7 (D.N.J. Dec. 3, 2009) (citing *Castro v. NYT Television*, 851 A.2d 88, 98 (N.J. Super. Ct. App. Div. 2004)). Plaintiff's unjust enrichment claim is not necessarily tied to its fraud claim, especially in light of the fact that Plaintiff has also alleged a claim for conversion in Count Three of its Amended Complaint. (Am. Compl. ¶¶ 40-43.) Therefore, the heightened pleading standard of Rule 9(b) does not apply, and Plaintiff has sufficiently pled the elements of unjust enrichment to survive the Motion to Dismiss.

**CONCLUSION**

For the reasons set forth above,

**IT IS** on this 6th day of October, 2017,

ORDERED that Defendants' Motion to Dismiss is **GRANTED in part and DENIED in part**. Count Four of the Complaint is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

　　　　　　　　　　　　　　　　　　__/s/ Susan D. Wigenton_____

　　　　　　　　　　　　　　　　　　SUSAN D. WIGENTON, U.S.D.J

Orig: Clerk
cc: Parties
　　　Leda D. Wettre, U.S.M.J.